IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILMA YVON WINGFIELD, | ) | CH. 13 CASE NO.: 25-10479 |
| | ) | |
| DEBTORS. | ) | |

| | | |
|---|---|---|
| WILMA YVON WINGFIELD, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | ADV. PROC. NO.: 25-_____ |
| | ) | |
| BLOCK, INC. D/B/A CASH APP, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT FOR *WILLFUL* VIOLATION OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(a)

COMES NOW the Debtor, WILMA YVON WINGFIELD, as Plaintiff, by and through her undersigned attorney, and respectfully states the grounds for her instant complaint against Defendant, Block, Inc. d/b/a "Cash App," as follows, to-wit:

### INTRODUCTION

1. Plaintiff filed for relief under Title 11, Chapter 13 of the United States Code on April 30, 2025 ("Petition Date").

2. This is a Complaint for damages for the Defendants' persistent and willful violation of the automatic stay as afforded by 11 U.S.C. § 362(a).

3. Plaintiff seeks compensatory and punitive damages against Block, Inc. d/b/a Cash App ("Defendant") for Defendant's blatant disregard for the Section 362(a) stay by and

through continually sending Plaintiff collection emails and texts after actual notice of Plaintiff's bankruptcy filing.

## JURISDICTION

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 as it arises in and is related to the above-styled Chapter 13 bankruptcy case.

5. The Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157 & 1334.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and therefore the Court has jurisdiction to enter a final order.

## PARTIES

7. Plaintiff, Wilma Yvon Wingfield, is single and a resident-citizen of the State of Alabama domiciled therein.

8. Upon information and belief, Defendant, Block, Inc., is a Delaware corporation headquartered in San Francisco, California, that operates Cash App as a product or brand. Defendant conducts business in the State of Alabama.

## FACTUAL ALLEGATIONS

9. As of the Petition Date, upon information and belief, Plaintiff was legally liable to Defendant pursuant to short-term loan through the Cash App "Borrow" feature.[1]

10. Plaintiff inadvertently omitted Defendant from her Schedule E/F as of the Petition Date but later amended the same to add Defendant on June 17, 2025 ("Amendment"). *See*

---

[1] The user selects "Borrow" in the Cash App interface, chooses an amount, and accepts the terms. Funds are then immediately deposited into their Cash App balance.

Doc. 15. To that end, Plaintiff listed Defendant's address to be 1955 Broadway Street, Ste. 600, Oakland, CA 94612.

11. As such, Defendant received actual notice of Plaintiff's bankruptcy filing. Further, due to Defendant's continued efforts to collect after June 17, 2025, Plaintiff's undersigned attorney sent a warning letter to Defendant. *See* attached Exhibit "A."

12. Since the Amendment, Plaintiff has received no less than 25 emails and text messages from Defendant demanding repayment of the pre-petition claim, which is included in her Chapter 13 bankruptcy case.

13. Plaintiff has suffered damages as a result of Plaintiff's actions.

## WILLFUL VIOLATION OF SECTION 362(a)(3)

14. Plaintiff's filing of a bankruptcy petition gave rise to an "Automatic Stay" pursuant to 11 U.S.C. § 362(a) which prohibits, *inter alia*, certain debt collection activity by their creditors; and, specifically, "any act to collect, assess, or recover a claim against the debtor that arose before commencement of the case under this title." 11 U.S.C. § 362(a)(6).

15. Defendant's persistent and harassing efforts to collect a prepetition claim against Plaintiff violates Section 362(a).

16. Plaintiff avers Defendant's conduct is willful and egregious pursuant to the fact that it has indisputably been on notice of Plaintiff's bankruptcy. Indeed, with actual knowledge of Plaintiffs' bankruptcy, Defendant willfully continued efforts to collect. Consequently, Defendant "intentionally committed the violative act, regardless of whether [the Defendant] specifically intended to violate the stay." Jove Eng'g v. Internal Revenue Serv., 92 F.3d 1539, 1555 (11th Cir. 1996).

17. Plaintiff has been injured by Defendant's willful violation of the stay and, therefore, is entitled to recover actual damages, including costs and attorney's fees; and, given the reprehensible and egregious nature of Defendant's conduct, punitive damages. 11 U.S.C. § 362(k)(1).

WHEREFORE, in consideration of the premises, Plaintiff prays the Court will enter Judgment in favor of Plaintiff and against the Defendant; and, find the Defendant, Block, Inc. d/b/a Cash App, in contempt of this Honorable Court for willfully violating the automatic stay; and, further, award Plaintiff damages consisting of compensatory damages, consequential damages, punitive damages, attorney fees and costs and for all other relief as is just.

Respectfully submitted this ___28___ day of August, 2025.

THE ESPY FIRM

_____
J. Kaz Espy (ASB-0122-A63E)
Attorney for Debtor/Plaintiff
Post Office Drawer 6504
Dothan, Alabama 36302-6504
Tel.: (334) 793-6288
Fax: (334) 712-1617
Email: cindi@espyfirm.com



# THE ESPY FIRM
326 NORTH OATES STREET
DOTHAN, ALABAMA 36303-6504

COLLIER H. ESPY, JR., J.D.
J. KAZ ESPY, J.D., LL.M

POST OFFICE DRAWER 6504
DOTHAN, ALABAMA 36302-6504
TEL.: (334) 793-6288
FAX: (334) 712-1617

August 14, 2025

CASH APP
Legal Dept.
1955 Broadway Street
Suite 600
Oakland, CA 94612

**FINAL NOTICE BEFORE LEGAL ACTION**

RE: *WILMA YVON WINGFIELD (MILLER)*
*Chapter 13 Bankruptcy Case No.: 25-10479*
*VIOLATION OF 11 U.S.C. § 362(a)*

To Whom It May Concern:

    My name is J. Kaz Espy and I represent Wilma Yvon Wingfield (Miller) hereinafter referred to as the "Debtor") in a Chapter 13 bankruptcy case filed in the United States Bankruptcy Court for the Middle District of Alabama on April 30, 2025, ("Petition date"). *See* Enclosed Form Official Form 309A. Upon information and belief, Cash App was a pre-petition, unsecured creditor of the Debtor and, therefore, was disclosed on Schedule E/F of her bankruptcy petition per amendment dated June 17, 2025. *See* Enclosed Amended Sch. E/F. To that end, Cash App was indisputably notified of the Debtor's bankruptcy filing. Despite the foregoing, Cash App has violated (and continues to violate) the bankruptcy stay per Section 362(a) by remitting statements to the Debtor demanding payment on a pre-petition debt.

    Section 362(a) of the Bankruptcy Code implements a federal "stay" protecting a debtor and, thereby, prohibiting any and all pre-petition creditors from pursuing their respective debts by any means. Specifically, said section precludes "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." *See* 11 U.S.C. § 362(a)(6). Even more, section 362(k) provides that any willful violation of the bankruptcy stay authorizes the recovery of actual damages, attorney's fees and, in certain circumstances, punitive damages. While I will concede that a creditor such as Cash App remitting a post-petition statement to the debtor to collect a pre-petition debt immediately after

Case 25-01019    Doc 1    Filed 08/28/25    Entered 08/28/25 16:25:11    Desc Main
Document    Page 5 of 12

a bankruptcy filing might not be a "willful" violation of Section 362(a), continuing to routinely do so following the bankruptcy filing clearly is. Indeed, since the Debtor's petition date and amendment date, Cash Digestive has sent the Debtor not less than four (4) e-mails dated this date. This act is clearly a willful violation of the bankruptcy stay that warrants an adversary proceeding for damages and attorney's fees against Cash App.

That said, before filing suit, pursuant to Section 362(a) I hereby give Cash App its FINAL notice to cease and desist collection efforts against Wilma Yvon Wingfield (Miller). If Cash App fails to comply and makes any effort subsequent to today to collect, a complaint will be filed in federal bankruptcy court.

I thank you in advance for your cooperation.

Sincerely Yours,

THE ESPY FIRM

J. Kaz Espy

Enclosure(s): Form 309A & Sch.E/F

p/c:  Wilma Y. Wingfield-(email)

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | Wilma Yvon Wingfield | | Social Security number or ITIN | xxx-xx-6316 |
| | First Name  Middle Name  Last Name | | EIN | __-_____ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | | Social Security number or ITIN | ____ |
| | | | EIN | __-_____ |
| United States Bankruptcy Court | Middle District of Alabama | | Date case filed for chapter 13 | April 30, 2025 |
| Case number: | 25-10479 | | | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

10/20

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**No one in the bankruptcy clerk's office may give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Wilma Yvon Wingfield | |
| 2. | All other names used in the last 8 years | aka Wilma Y. Wingfield, aka Wilma Wingfield, fka Wilma Miller, fka Wilma Y. Miller, fka Wilma Yvon Miller | |
| 3. | Address | 1910 Honeysuckle Road, Apt. A106<br>Dothan, AL 36305-4251 | |
| 4. | **Debtor's attorney**<br>Name and address | J. Kaz Espy<br>Espy, Metcalf & Espy, P.C.<br>PO Drawer 6504<br>326 North Oates Street 36303<br>Dothan, AL 36302-6504 | Contact phone 334-793-6288<br>Email: cindi@espyfirm.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Sabrina L. McKinney<br>P.O. Box 173<br>Montgomery, AL 36101 | Contact phone 334-262-8371<br>Email: trustees_office@ch13mdal.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | One Church Street<br>Montgomery, AL 36104 | Hours open:<br>8:30 AM - 4:00 PM<br>Contact phone 334-954-3800<br>Date: May 1, 2025 |

For more information, see page 2

## Miscellaneous:

25-10479 Wilma Yvon Wingfield

Type: bk  Chapter: 13 v  Office: 1 (Dothan)
Assets: y  Judge: BPC  Case Flag: FeeDueINST, DebtEd, RepeatPACER

## U.S. Bankruptcy Court

## Middle District of Alabama

Notice of Electronic Filing

The following transaction was received from J. Kaz Espy entered on 6/17/2025 at 8:30 AM CDT and filed on 6/17/2025

**Case Name:** Wilma Yvon Wingfield
**Case Number:** 25-10479
**Document Number:** 15

**Docket Text:**
Amended Schedules E/F, , *Declaration About an Individual Debtors Schedules, (Creditor CASHAPP Added) Fee Amount $34. filed by J. Kaz Espy on behalf of Wilma Yvon Wingfield (RE: related document(s)[1] Voluntary Petition (Chapter 13) filed by Debtor Wilma Yvon Wingfield). (Espy, J.)*

*The following document(s) are associated with this transaction:*

**Document description:** Main Document
**Original filename:** amd schedule e-f - bkr.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996783231 [Date=6/17/2025] [FileNumber=25361837-0
] [516d3ae3c7f2b4bac0fa967957bb7abb407fc7f90576505c26a5280e19e0dd184be
57a089598021c16e4cba285c124ac9bc0056f6520eed9489aea81aafe765b]]

**25-10479 Notice will be electronically mailed to:**

*Bankruptcy Administrator*
ba@almb.uscourts.gov, danielle_greco@almba.uscourts.gov;britt_griggs@almba.uscourts.gov

*J. Kaz Espy on behalf of Debtor Wilma Yvon Wingfield*
cindi@espyfirm.com, espykr81822@notify.bestcase.com

*Sabrina L. McKinney*
trustees_office@ch13mdal.com

**25-10479 Notice will not be electronically mailed to:**

*Exeter Finance LLC, c/o AIS Portfolio Services, LLC*
*4515 N Santa Fe Ave. Dept. APS*
*Oklahoma City, OK 73118*

Case 25-01019    Doc 1    Filed 08/28/25    Entered 08/28/25 16:25:11    Desc Main
Document    Page 8 of 12

United States Bankruptcy Court
Middle District of Alabama

In re: Wilma Yvon Wingfield  
Debtor(s)

Case No. **25-10479**  
Chapter **13**

# AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:
**SCHEDULE E/F**

## NOTICE OF AMENDMENT(S) TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) listed above has been given this date to any and all entities affected by the amendment as follows: **Sabrina L. McKinney, Chapter 13 Trustee,** mckinneys@ch13mdal.com
Danielle Greco, Bankruptcy Administrator, danielle_greco@almb.uscourts.gov
CASHAPP, 1955 Broadway Street, Suite 600, Oakland, CA 94612

Date: 6/16/25

J. KAZ ESPY ASB-0122-A63E
Attorney for Debtor(s)
THE ESPY FIRM
326 N OATES ST
P O DRAWER 6504
DOTHAN, AL 36302-6504
334-793-6288 Fax:334-712-1617

**Fill in this information to identify your case:**

Debtor 1: Wilma Yvon Wingfield

Debtor 2 (Spouse if, filing): 

United States Bankruptcy Court for the: MIDDLE DISTRICT OF ALABAMA

Case number (if known): 25-10479

☐ Check if this is an amended filing

Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims   12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1: List All of Your PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims against you?
   ☒ No. Go to Part 2.
   ☐ Yes.

### Part 2: List All of Your NONPRIORITY Unsecured Claims

3. Do any creditors have nonpriority unsecured claims against you?
   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
   ☒ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

| 4.1 | CASHAPP | Last 4 digits of account number _____ | $861.00 |

Nonpriority Creditor's Name
**1955 BROADWAY STREET
STE 600
OAKLAND, CA 94612**
Number Street City State Zip Code

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.
☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify _____

Is the claim subject to offset?
☒ No
☐ Yes

### Part 3: List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

### Part 4: Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  | Total Claim |
|---|---|---|
| 6a. | Domestic support obligations | 6a. $ 0.00 |

Debtor 1 Wilma Yvon Wingfield  Case number (if known) 25-10479  Page 2 of 2

| | | | | | |
|---|---|---|---|---|---|
| Total claims from Part 1 | 6b. | Taxes and certain other debts you owe the government | 6b. | $ | 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ | 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | Total Priority. Add lines 6a through 6d. | 6e. | $ | 0.00 |

Total Claim

| | | | | | |
|---|---|---|---|---|---|
| | 6f. | Student loans | 6f. | $ | 0.00 |
| Total claims from Part 2 | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ | 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ | 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 861.00 |
| | 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. | $ | 861.00 |

Official Form 106 E/F  Schedule E/F: Creditors Who Have Unsecured Claims  Page 2 of 2
Case 25-01019    Doc 1    Filed 08/28/25    Entered 08/28/25 16:25:11    Desc Main
                          Document      Page 11 of 12

Fill in this information to identify your case:

Debtor 1: Wilma Yvon Wingfield

Debtor 2 (Spouse if, filing): 

United States Bankruptcy Court for the: MIDDLE DISTRICT OF ALABAMA

Case number (if known): 25-10479

☐ Check if this is an amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules   12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☒ No

☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X /s/ Wilma Yvon Wingfield
Signature of Debtor 1

Date 6/16/25

X _____
Signature of Debtor 2

Date _____