UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:  Case No. 25-10479-BPC
Chapter 13

WILMA YVON WINGFIELD,

    Debtor.

_____

WILMA YVON WINGFILED,

    PLAINTIFF,

v.  Adv. Pro. 25-01019-BPC

BLOCK, INC., dba CASH APP,

    Defendant.

## MEMORANDUM OPINION

This proceeding comes before the Court on the issue of damages to Wilma Yvon Wingfield ("Plaintiff") for willful violations of the automatic stay by BLOCK, INC., dba CASH APP ("Defendant"). For the reasons set forth herein, Plaintiff is awarded $1,875.00 in actual damages.

### I. PROCEDURAL HISTORY

#### A. The Bankruptcy Case

Plaintiff filed a Chapter 13 bankruptcy petition on April 30, 2025. (Case No. 25-10479; BK Doc. 1). Plaintiff amended her Schedules to add Defendant on June 17, 2025. (BK Doc. 15). Specifically, Plaintiff listed an unsecured debt to Defendant in the amount of $861.00. *Id*. To date, Defendant has not filed a proof of claim or otherwise appeared in the bankruptcy case.

#### a. The Adversary Proceeding

On August 28, 2025, Plaintiff filed a Complaint against Defendant alleging violations of the stay pursuant to 11 U.S.C. § 362(a). (AP Doc. 1). The Summons provided that an Answer was due by September 29, 2025. (AP Doc. 2). Defendant did not file an answer or

1

other responsive pleading. Plaintiff submitted a Request for Entry of Default and the Clerk of Court entered a default against Defendant on October 9, 2025. (AP Docs. 6 and 7). Thereafter, Plaintiff filed a Motion for a Default Judgment which was scheduled for a telephonic hearing on December 2, 2025. (AP Docs. 9 and 10). Defendant failed to appear at the hearing, and the Court entered an order stating that a default judgment was due to be granted "based on Defendant's failure to appear and/or respond in this proceeding." (AP Doc. 15). In the same order, the Court scheduled an evidentiary hearing to determine damages for January 7, 2026 (the "Evidentiary Hearing"). *Id*. Defendant did not appear at the Evidentiary Hearing. Plaintiff appeared and offered testimony in support of the events and alleged damages. On January 27, 2026, Plaintiff's counsel submitted an Affidavit in Support of Requested Attorney Fees (the "Attorney Affidavit"). (AP Doc. 17).

## II. JURISDICTION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## III. FACTS

Due to Defendant's failure to appear and defend in this case, the Court adopts the facts as established by Plaintiff in her Complaint, through her testimony at the Evidentiary Hearing, and as set forth in the Attorney Affidavit.

Plaintiff owes Defendant for a debt she incurred prepetition pursuant to a loan issued to her through the Cash App "Borrow" feature (the "Debt"). (AP Doc. 1, ¶ 9). While Defendant was inadvertently omitted from Plaintiff's Schedule E/F as of filing of her initial bankruptcy petition, Plaintiff amended her Schedule E/F on June 17, 2025 to add Defendant (the "Amendment"). (AP Doc. 1, ¶ 10). Despite actual notice of Plaintiff's bankruptcy case, Defendant continued its efforts to collect the Debt. (AP Doc. 1 ¶11, Ex. A). On August 14, 2025, Plaintiff's counsel sent a letter to Defendant notifying Defendant of Plaintiff's pending bankruptcy case (the "Notice Letter"). *Id*. The Notice Letter demanded Defendant cease and desist all its efforts to collect the Debt. (AP Doc. 1, Ex. A).

On August 28, 2025, Plaintiff filed the underlying Complaint wherein Plaintiff contends she was injured by Defendant's willful violation of the stay and suffered damages. (AP Doc. 1 ¶¶ 13, 17). Plaintiff received no less than 25 emails and text messages from

2

Defendant demanding repayment of the Debt following the Amendment in June of 2025. (AP Doc. 1, ¶ 12). Plaintiff testified that she is a delivery driver, and she received texts and e-mails from Defendant while working. She testified that these texts and e-mails continued after the Amendment in June and persisted after the Notice Letter was sent to Defendant in August of 2025. Further, she testified that the communications from Defendant were inconvenient and distracting. Specifically, Plaintiff testified that emails and text messages impacted her ability to focus on her job, and that these communications resulted in missed opportunities for work orders. Plaintiff did not provide any evidence of the text messages or emails, quantifiable damages related to the missed work orders, or evidence of emotional distress damages. Plaintiff did not testify or provide evidence that Defendant's communications persisted after the filing of the Complaint. Plaintiff incurred $1,875.00 in attorney fees in this matter. (AP Doc. 17). At the evidentiary hearing, Plaintiff requested $5,000.00 in damages in addition to the attorney fees, but she did not seek injunctive relief.

IV. ANALYSIS

While there is a strong policy of determining a case on its merits, it is well established that courts have authority to enter default judgment for a party's failure to comply with orders or rules of procedure. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Here, Defendant failed to respond or appear in this proceeding such that a default judgment is warranted. Yet, Defendant's failure to respond or appear and the Clerk's subsequent Entry of Default do not automatically entitle Plaintiff to default judgment in the amount requested. (AP Doc. 9). A default is not a confession of a defendant's liability or a plaintiff's right to recover; it is merely an admission of the well-pleaded facts in the Complaint. *See Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004).

The filing of a bankruptcy petition "operates as a stay" of "any act to collect, assess, or recover a claim against the debtor that arose before commencement of the case." 11 U.S.C. § 362(a)(6). This stay operates as a self-executing injunction against collection actions against the debtor and property of the estate. 11 U.S.C. § 362(a)(1). A debtor "injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). In the Eleventh Circuit, a willful violation of the automatic stay occurs when the offending party "(1)

3

knew of the automatic stay and (2) intentionally committed the violative act, regardless [of] whether the violator specifically intended to violate the stay." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996*); see also In re Brodgen*, 588 B.R. 625, 629 (Bankr. M.D. Ala. 2018) (citing *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d at 1555). The burden rests on Plaintiff to prove the violation, willfulness, and injury by a preponderance of the evidence. *In re Horne*, 876 F.3d 1076, 1083 (11th Cir. 2017) ("Bankruptcy courts in this circuit uniformly have held that the debtor has the burden of proving damages from an automatic stay violation by a preponderance of the evidence.").

### A. Willful Violation of the Automatic Stay

Plaintiff contends that Defendant violated § 362(a) by engaging in persistent and harassing efforts to collect a prepetition claim against Plaintiff after receiving notice of the bankruptcy. (AP Doc. 1, ¶ 15). Here, the facts support that Defendant continued its collection efforts through texts and e-mails after it had actual knowledge of Plaintiff's bankruptcy case. Additionally, Plaintiff testified that Defendant's collection efforts persisted even after the Notice Letter, which not only made Defendant further aware of Plaintiff's pending bankruptcy case but also demanded that Defendant cease and desist from all collection efforts of the Debt. Based on the facts and testimony of record, the Court finds that Defendant willfully violated the automatic stay as set forth in § 362(a)(6).

### B. Damages for Willful Violation

While the Court finds there was a violation of the stay, Plaintiff's "allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). When a party willfully violates the automatic stay, § 362(k) mandates an award of damages if there is injury arising out of the violation. 11 U.S.C. § 362(k). Here, it is Plaintiff's burden to establish damages. *In re Steed*, No. 22-11800, 2023 WL 3719006, at *1 (11th Cir. May 30, 2023) ("The debtor has the burden of proving damages from an automatic stay violation by a preponderance of the evidence."). Thus, Plaintiff must set forth evidence and support in order to obtain an award for actual, compensatory, and/or punitive damages. *See In re Hutchings*, 348 B.R. 847, 852 (Bankr. N.D. Ala. 2006) ("[W]hile

4

stay violations may be inherently wrong, they are not inherently harmful."); *see also In re Roche*, 361 B.R. 615, 624 (Bankr. N.D. Ga. 2005) ("If the willful violation has a de minimis impact on the debtor, a court may limit damage awards under § 362(h) to reasonable attorney fees expended.").

Plaintiff contends that Defendant's conduct caused her actual damages, including attorney fees and costs in the amount of $1,875.00. (AP Docs. 1, ¶17 and Doc. 17). Plaintiff also requests an award of punitive damages due to the allegedly reprehensible and egregious conduct of Defendant. (AP Docs. 1, ¶17).

**1. Actual Damages**

In the Eleventh Circuit, actual damages mean "[r]eal, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury, as opposed . . . to 'nominal' damages [and] 'punitive' damages." *McMillian v. F.D.I.C.*, 81 F.3d 1041, 1055 (11th Cir. 1996) (internal quotations and citation omitted). Actual damages must be proven with evidence, and courts have declined to award damages where the debtor fails to identify out of pocket costs the debtor was forced to incur by virtue of the stay violation. *See In re Best*, 2018 WL 6060316, at *5 (Bankr. N.D. Ga. Nov. 19, 2018); *In re Castillo*, 456 B.R. 719, 725 (Bankr. N.D. Ga. 2011) ("Actual damages must be proven with reasonable certainty, and mere speculation, guess or conjecture will not suffice.") (internal citations omitted). Furthermore, as specifically provided in § 362(k)(1), a successful plaintiff who brings an action for a willful violation of § 362 is entitled to attorney's fees and costs as actual damages. 11 U.S.C. § 362(k)(1); *In re Horne*, 876 F.3d 1076, 1081 (11th Cir. 2017) ("This explicit, specific, and broad language [of § 362(k)(1)] permits the recovery of attorneys' fees incurred in stopping the stay violation, prosecuting a damages action, and defending those judgments on appeal.").

Plaintiff testified as to being "inconvenienced" by the text messages and e-mails from Defendant. Additionally, she testified that she incurred some "missed offers" for delivery jobs because of the text messages and e-mails. While the Court believes that Plaintiff was inconvenienced by these communications, Plaintiff did not provide any corroborating evidence to quantify actual damages in the form of loss delivery jobs, loss of wages, or the loss of any other income resulting from Defendant's stay violation.

5

Plaintiff also requested damages for emotional distress in her Complaint. In order "to recover actual damages for emotional distress under Section 362(k), a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the emotional distress, and (3) demonstrate a causal connection between the significant emotional distress and the violation of the automatic stay." *Lodge v. Kondaur Cap. Corp.*, 750 F.3d 1263, 1271 (11th Cir. 2014) (internal quotations omitted). Here, Plaintiff testified that Defendant's collection efforts were inconvenient and distracted her at work. However, Plaintiff did not provide any evidence to corroborate her allegations of emotional distress or the causal connection between Defendant's conduct and the significant emotional distress suffered by Plaintiff.

While Plaintiff lacked the support needed to establish emotional support damages, the expenses incurred by Plaintiff as a result of Defendant's conduct are recoverable. Despite attempts to resolve the matter without litigation, Defendant continued its collection efforts after actual notice of Plaintiff's bankruptcy case through both the Amendment and the Notice Letter. This resulted in Plaintiff incurring attorney fees in the amount of $1,875.00. *See In re Vaughn*, 542 B.R. 589, 601 (Bankr. M.D. Ala. 2015), *aff'd in part, vacated in part, remanded sub nom. Cent. Mississippi Credit Corp. v. Vaughn*, 555 B.R. 803 (M.D. Ala. 2016), *vacated*, No. 3:15-CV-00932-JAR, 2016 WL 7107769 (M.D. Ala. Dec. 6, 2016) ("To recover costs and attorney's fees for a violation of an automatic stay, a plaintiff generally must first attempt to mitigate damages by communicating directly with the violator."). The Court finds that the attorney's fees incurred by Plaintiff in litigating this case are reasonable and will award attorney's fees of $1,875.00.

**2. Punitive Damages**

In appropriate circumstances, a debtor may also recover punitive damages for willful violations of the automatic stay. *See* 11 U.S.C. § 362(k)(1). Such appropriate circumstances arise where the creditor has "acted with maliciousness or in bad faith." *In re Best*, No. 18-58958-PMB, 2018 WL 6060316, at *5 (Bankr. N.D. Ga. Nov. 19, 2018). "Punitive sanctions are appropriate when a party acts with reckless or callous disregard for the law or rights of others." *In re Steed*, 2023 WL 3719006, at *3. Thus, "egregious, intentional misconduct on the violator's part is necessary to support a punitive damages award." *In re Castillo*, 456 B.R. 719, 727 (Bankr. N.D. Ga. 2011) (citing *United States v. Ketelsen (In re Ketelsen)*, 880 F.2d

990, 993 (8th Cir. 1989)). Plaintiff must prove more than a technical violation because "[p]unitive damages are not warranted where the actions are wrong but not malicious." *In re Kennedy*, No. 19-64620-WLH, 2023 WL 3011246, at *9 (Bankr. N.D. Ga. Apr. 19, 2023). To determine if punitive damages are warranted, courts consider "(1) the nature of the defendant's conduct; (2) the nature and exten[t] of the harm to the plaintiff; (3) the defendant's ability to pay; (4) the motives of the defendant; and (5) any provocation by the debtor." *In re Brodgen*, 588 B.R. at 631 (citations omitted).

Here, Plaintiff did not establish that Defendant's text messages and e-mails rose to the level of egregious conduct. While the Court agrees that Defendant's actions were wrong, Plaintiff has not set forth evidence establishing that Defendant was callous, malicious, or engaging in bad faith conduct such that an award of punitive damages is warranted. For the reasons set forth above, Plaintiff's actual damages are limited to the legal expenses incurred in pursuing this proceeding. Without more, an award of punitive damages in this case would be arbitrary. Thus, the Court finds that punitive damages are not warranted in this case.

## VI. CONCLUSION

The Court concludes that Plaintiff offered sufficient evidence to prove a willful violation of the automatic stay under § 362(a), and that the acts of Defendant support an award of actual damages in the amount of $1,875.00. The Court will enter judgment by way of a separate document.

Done this 26th day of February, 2026.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtor/Plaintiff
   Attorney for Debtor/Plaintiff
   BLOCK, INC., dba CASH APP, Defendant
   Trustee